**Ricky LaLANDE, Petitioner-Appellant,**

v.

**James C. SPALDING et al.,**
**Respondents-Appellees.**

No. 79-2702.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 17, 1981.

Decided March 23, 1981.

Certiorari Denied June 22, 1981.
See 101 S.Ct. 3119.

Stephen K. Strong, Bendich, Stobaugh & Strong, Seattle, Wash., on brief, for petitioner-appellant.

Nate D. Mannakee, Robert E. Mack, Asst. Attys. Gen., Olympia, Wash., for respondents-appellees.

Before WALLACE, FLETCHER and NORRIS, Circuit Judges.

PER CURIAM:

LaLande filed a petition for a writ of habeas corpus seven years after his state conviction, contending that: (1) he was coerced into pleading guilty; (2) he received ineffective assistance of counsel; and (3)

---

the prosecution had breached a promise not to prosecute him. The State moved to dismiss, contending that Rule 9 of the Rules Governing Section 2254 Cases contains a presumption of prejudice to the state from the delay when a petition is filed more than five years after the judgment. The State did not point to any actual prejudice, but relied solely on the presumption of prejudice arising from the passage of time. The district judge dismissed the petition for the reason stated by the State.

The Advisory Committee Note to Rule 9 does articulate the position espoused by the State. 28 U.S.C. § 2254 at 272 (1976). That statement, however, is in error. Congress specifically removed any presumption of prejudice from Rule 9(a) arising from the passage of time, putting the burden on the state to prove any prejudice. In 1976, Congress deleted the underlined material from Rule 9(a):

> (a) DELAYED PETITIONS. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred. _If the petition is filed more than five years after the judgment of conviction, there shall be a presumption, rebuttable by the petitioner, that there is prejudice to the state. When a petition challenges the validity of an action, such as revocation of probation or parole, which occurs after judgment of conviction, the five-year period as to that action shall start to run at the time the order in the challenged action took place._

3 [1976] U.S.Code Cong. & Ad.News, 2478, 2485.

Congress gave two reasons for removing that presumption of prejudice:

> The legislation amends Rule 9(a) in both the § 2254 rules and the § 2255 rules by deleting the language relating to the rebuttable presumption after 5 years and

the calculation of the 5 year period. The Committee believes that it is unsound policy to require the defendant to overcome a presumption of prejudice[8] and that the legislation brings Rule 9(a) into conformity with other provisions of law.

_Id._ at 2481 (footnote 9 omitted). The House Report explained in footnote 8 that the burden of showing prejudice should be on the state because only it knew the facts:

> Those facts which make it difficult for the State to respond to an old claim (such as the death of the prosecutor) can readily be discovered by the State. It is not easy, perhaps in some instances not possible, for a prisoner to discover those facts that he would have to show in order to rebut the presumption of prejudice.

_Id._ at 2482 n.8. Congress also approved of prior cases allowing a prisoner to file a petition well after five years from the date of conviction. _See id._ n.9.

Because the State made no showing that it was prejudiced by the seven-year delay, the district court erred in dismissing the petition under Rule 9(a). Consequently, we reverse and remand. As a result of our decision, we need not reach any other questions raised by LaLande.

REVERSED AND REMANDED.