693 F.2d 44
 Robert T. BRIM a/k/a Robert T. Mertz, Appellant,
v.
Herman SOLEM, Warden, South Dakota State Penitentiary and
Mark V. Meierhenry, Attorney General, State of
South Dakota, Appellees.
 No. 82-1633.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 8, 1982.
Decided Nov. 12, 1982.
 
 Darla Pollman Rogers, Meyer Law Office, Onida, S.D., for appellant.
 Mark V. Meierhenry, Atty. Gen., Douglas Kludt, Asst. Atty. Gen., Pierre, S.D., for appellee.
 Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Robert Brim was convicted in 1958 in South Dakota state court of manslaughter and sentenced to life imprisonment. In 1979, he sought post-conviction relief in state court, alleging that neither his attorney nor the court advised him of his right to appeal. After an evidentiary hearing, the state court denied relief, finding that Brim had been advised of his right to appeal. The South Dakota Supreme Court affirmed. Brim then filed a petition for a writ of habeas corpus in federal district court. The district court[1] denied the petition on two grounds. First, the court found the petition barred under the doctrine of laches as embodied in Rule 9(a)[2] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. Sec. 2254. Under this Rule, the state must show prejudice resulting from unreasonable delay. Cotton v. Mabry, 674 F.2d 701, 704-05 (8th Cir.1982). South Dakota showed that the trial judge had died and that large portions of the trial transcript had been destroyed by water damage while in storage. Brim delayed 21 years in challenging his conviction, even though he had been in contact with several attorneys during the course of his incarceration. We agree with the district court that under these circumstances Rule 9(a) dismissal was proper.
 
 
 2
 As an alternate basis for its decision, the court, after conducting an independent review of the record, concluded that there was substantial evidence that Brim was advised of his right to appeal. Brim's trial attorney stated by affidavit that while he did not remember specifically advising Brim of his appeal right, he always advised his clients of that right and that the trial judge at Brim's trial also was in the habit of advising defendants of the right to appeal. We agree with the district court that this was sufficient to prove that Brim had been advised of his right to appeal. See Bouchillon v. Estelle, 628 F.2d 926, 929 (5th Cir.1980).
 
 
 3
 Accordingly, we affirm on the basis of the district court's opinion. 8th Cir.R. 12(a).
 
 
 
 [1]
 The Honorable Andrew W. Bogue, Chief Judge, United States District Court for the District of South Dakota
 
 
 [2]
 Rule 9(a) provides:
 A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of due diligence before the circumstances prejudicial to the state occurred.
 Rules following 28 U.S.C. Sec. 2254.