Harold TERRY, Petitioner-Appellant,

v.

J.J. ENOMOTO, Respondent-Appellee.

No. 82–4643.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 1983.

Decided Jan. 12, 1984.

Thomas A. Volk, Sacramento, Cal., for petitioner-appellant.

Morris Lenk, Asst. Atty. Gen., Dept. of Justice, San Francisco, Cal., for respondent-appellee.

Before DUNIWAY and FERGUSON, Circuit Judges, and GRANT,* District Judge.

DUNIWAY, Circuit Judge:

Habeas corpus. The district court denied the writ and Terry appeals. We affirm.

### I. *Facts.*

Terry is a prisoner of California, having been convicted of first degree murders in 1965. At his trial he said that he was a professional thief, and had no other source of income. Before trial, he signed an affidavit in which he alleged that he owned no real property; had no money, none at home, in the bank, in jail property, owed to him, or anywhere else; no pension; tax refund, compensation; law suit; no stocks, bonds, jewelry, or insurance with surrender value. He asked to be defended by the public defender, and he was so defended.

When he was arrested on the murder charges, in March, 1965, the police seized a considerable quantity of property in his apartment and in the home of his estranged wife. Much of it was returned by the police to the persons whose homes had been burglarized by Terry. Sometime later, in 1973, the police disposed of what was left. He now says that among items of property seized were a $2,500 Waterford punch bowl service, a $3,600 oil painting, two Kangxi Chinese vases worth $11,500 each, and over $2,000 worth of fishing equipment, that he owned them, and that, if they had been returned to him, he could have sold them and employed counsel of his own choosing.

Terry was convicted in December, 1965. Since then, he has filed various state court petitions, and has petitioned for federal ha-

---

* The Honorable Robert A. Grant, Senior United States District Judge for the Northern District of Indiana, sitting by designation.

beas corpus several times: *Terry v. Nelson,* N.D.Cal., No. C–70–2696–LHB; *Terry v. Nelson,* N.D.Cal., No. C–72–1491–LHB; *Terry v. Craven,* N.D.Cal., No. C–72–2272–LHB; *Terry v. Craven,* 9 Cir., February 4, 1974, No. 73–2265; *Terry v. Craven,* 9 Cir., 1976, 551 F.2d 313.

In 1977, Terry filed a civil rights action under 42 U.S.C. § 1983 in federal district court against certain police officers and the state prosecutor, alleging that they had deprived him of property without due process of law. *Terry v. Jensen,* N.D.Cal., No. C–77–2037–GBH. The district court dismissed that action because the applicable statute of limitations had run. That was the first time that Terry had claimed, in any court, that "his" property had been wrongfully taken from him or disposed of.

In 1979, Terry filed this habeas corpus petition. The district court dismissed it as frivolous, without calling for any response from the state or for an evidentiary hearing. On appeal, this panel reversed on the ground that the state had the burden of showing any prejudice arising from the passage of time before the filing of a habeas corpus petition. *Terry v. Enomoto,* 9 Cir., 1981, 649 F.2d 869. *See LaLande v. Spalding,* 9 Cir., 1981, 651 F.2d 643; 28 U.S.C. § 2254 Rule 9(a). On remand, after considering the state's response, the district court denied and dismissed Terry's petition on September 18, 1982. Terry filed a timely notice of appeal, the district court issued a certificate of probable cause, and we have jurisdiction under 28 U.S.C. § 2253.

## II. *The Law.*

■ It is hornbook law that even a thief has a possessory interest in property that he has stolen. *See* 73 C.J.S. Property § 28a. But it is also hornbook law that such a possessory interest is subordinate to the right of the owner, *see id.* § 36b, and to the right of the state, which may seize the property as contraband or evidence and hold it for the owner, *see* 97 C.J.S. Searches and Seizures §§ 64b, 113, 114. Here, the state did seize the property, and Terry concedes that the seizure was valid. Because the state's interest was superior to Terry's,

it was up to Terry to go to court to get the property back. This he never did—not in time to retain private counsel for his trial, not before the state returned certain property to its owners, and not before the state disposed of the unclaimed remainder of the property eight years later. Terry's affidavit, which he used to get appointed counsel, flatly contradicts his present claim to have been the true owner of $30,000 worth of seized property.

When the property was seized in 1965, California Penal Code § 1408 authorized the magistrate before whom Terry was charged to order seized property delivered to the owner, upon satisfactory proof of ownership. Terry claims to have been the owner of at least some of the property seized. He of course knew of the seizure, and he could have moved before the magistrate for its delivery to him, but he never did so. No doubt he was reluctant to do so, because he would have had to prove ownership.

■ Federal due process standards do not prevent the state from requiring Terry to follow state statutory procedures to try to establish his superior interest in, and to recover, seized property. Terry's procedural default, in the absence of a showing of cause for the default and some showing of actual prejudice, bars federal habeas corpus relief. *See Engle v. Isaac,* 1982, 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783; *Wainwright v. Sykes,* 1977, 433 U.S. 72, 84, 90–91, 97 S.Ct. 2497, 2505, 2508, 53 L.Ed.2d 594; *Garrison v. McCarthy,* 9 Cir., 1981, 653 F.2d 374, 377.

■ Terry now argues that he would have sold "his" property and used the proceeds to retain private counsel. He says that the deprivation of his property thus infringed his Sixth and Fourteenth Amendment right to retain counsel of his choice. *See Crooker v. California,* 1958, 357 U.S. 433, 439, 78 S.Ct. 1287, 1291, 2 L.Ed.2d 1448; *Chandler v. Fretag,* 1954, 348 U.S. 3, 9–10, 75 S.Ct. 1, 4–5, 99 L.Ed. 4; *Powell v. Alabama,* 1932, 287 U.S. 45, 53, 68–69, 53 S.Ct. 55, 58, 63–64, 77 L.Ed. 158; *Releford v.*

*United States,* 9 Cir., 1961, 288 F.2d 298, 301; *People v. Holland,* 1978, 23 Cal.3d 77, 86–87, 151 Cal.Rptr. 625, 588 P.2d 765. An infringement of the right to counsel requires the reversal of a subsequent conviction. *Holloway v. Arkansas,* 1978, 435 U.S. 475, 487–91, 98 S.Ct. 1173, 1180–82, 55 L.Ed.2d 426.

■ But the right to choice of counsel is not absolute. As we said in *Releford,* "An accused's right to select his own counsel cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice.... Thus if a defendant does not act expeditiously in securing counsel of his choice ... the trial court may, in the exercise of its sound discretion, do what is reasonably necessary to meet the situation." 288 F.2d at 301 (citation omitted).

In this case we have an example of extreme delay—from 1965 to 1979. Moreover, at his trial Terry never objected that he wanted to retain counsel of his own choice. On the contrary, he asked to be represented by the public defender, and he was so represented. In response to a previous habeas corpus petition from Terry, we ordered a hearing on the issue of effective assistance of counsel. *Terry v. Craven,* 9 Cir., Feb. 4, 1974, No. 73–2265. The district court fully explored Terry's contentions and determined that he had constitutionally adequate representation. *Terry v. Craven,* 9 Cir., 1976, 551 F.2d 313. The California Supreme Court also described Terry's appointed counsel as "skilled." *People v. Terry,* 1970, 2 Cal.3d 362 at 376, 85 Cal.Rptr. 409, 466 P.2d 961. Terry does not now claim otherwise.

■ A district court may dismiss a habeas corpus petition when delay in filing has prejudiced the state's ability to respond to the petition, unless the petitioner shows that the delayed petition is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence. *Aiken v. Spalding,* 9 Cir., 1982, 684 F.2d 632; *LaLande v. Spalding, supra;* 28 U.S.C. § 2254 Rule 9(a). Terry has made no such showing. Here, the district court, on remand, found that the state had

adequately demonstrated prejudice. In particular, the state cannot now establish the identity, value, and true ownership of goods seized and disposed of many years ago. *Terry v. Enomoto,* N.D.Cal., Sept. 18, 1982, No. C–79–1138–WAI. After reviewing the record, we agree.

Affirmed.