**Preston BROWN, Petitioner-Appellant,**

v.

**Ross MAGGIO, Jr., Warden, Louisiana State Penitentiary, and William J. Guste, Jr., Attorney General, State of Louisiana, Respondents-Appellees.**

No. 83–3416

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 20, 1984.

---

Wegmann, Longenecker & Musser, John H. Musser, IV, New Orleans, La., for petitioner-appellant.

William C. Credo, III, Gretna, La., for respondents-appellees.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

PER CURIAM:

Preston Brown is a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana, pursuant to a 1964 aggravated rape conviction. Brown appeals to this court alleging that the federal district court erred by dismissing his habeas corpus petition pursuant to Rule 9(a) of the Rules Governing Section 2254 cases. We affirm the district court's dismissal of Brown's habeas corpus petition.

## I. FACTS AND COURSE OF PROCEEDINGS

On August 20, 1964, Brown, represented by appointed attorney, William Landry, Jr., pleaded guilty to aggravated rape and was sentenced to life imprisonment in a Louisiana state trial court. Brown's attorney allegedly told him that he would receive a life sentence and be eligible for parole after ten years and six months. Brown has pursued several post-conviction avenues of relief.

In 1967, Brown wrote to the pardon board requesting a commutation of his sentence, but his request was denied. In 1973, Brown applied again and the board recommended a commutation to thirty years, but the governor refused to approve the recommendation. Finally, in 1977, Brown again applied and ultimately received a commutation of his sentence to sixty years, which was signed by the governor in 1978. Brown had hired Jack Rogers, a Lake Charles attorney, to procure Governor Edwards signature. Otherwise, Brown made his applications to the parole board without professional counsel.

Early in 1979, Brown, with the aid of attorney Rogers, took steps to obtain credit for the time he served between arrest and conviction. In September 1979, Brown filed a state petition for habeas corpus seeking this relief, which the Louisiana Supreme Court granted. In 1981, Brown filed a state habeas corpus petition chal-

lenging the voluntariness of his guilty plea. This petition was denied. Then, in 1982, Brown filed the instant petition, also challenging the voluntariness of his plea.

In its brief in opposition to Brown's petition, the state raised the defense of prejudice under Rule 9(a) of the Rules Governing Section 2254 cases. In support of its defense, the state filed affidavits of Judge Stoulig, who heard the original plea, William Landry, Brown's original attorney, and Abbott Reeves, the current assistant district attorney. The judge and defense lawyer both stated that because of the lapse of time, they no longer had an independent recollection of the case. Reeves swore that the assistant district attorney who handled the case in 1964 died within the last three years and that no transcript of the arraignment nor the guilty plea could be located.

Brown filed a traverse to the state's response, asserting that he failed to seek relief earlier because he "was not aware of his right to file in post-conviction on his guilty plea until he was so advised." The magistrate to whom the matter had been referred did not credit Brown's assertion and recommended that the petition be dismissed with prejudice pursuant to Rule 9(a). Brown filed an objection to the magistrate's findings and the district court, concluding that there were unresolved issues of fact, ordered an evidentiary hearing.

On February 17, 1983, the magistrate conducted an evidentiary hearing. Although Attorney Jack Rogers was scheduled to appear, he suffered a fatal heart attack in the clerk's office on the day of the hearing. Brown's attorney stated at the evidentiary hearing that Rogers would have testified to the fact that he did not discuss habeas corpus remedies with Brown at the time Rogers procured the governor's signature for his commutation. This testimony would have corroborated Brown's alleged ignorance of the availability of habeas corpus relief. On March 23, 1983, the magistrate recommended that Brown's petition be denied under Rule 9(a).

The district court accepted the magistrate's findings, with certain exceptions not applicable here, and denied relief. Brown filed a timely notice of appeal.

## II. THE RULE 9(a) ISSUE

■ Rule 9(a), of the Rules Governing Section 2254 cases provides:

> A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Pursuant to Rule 9(a), an application for a writ of habeas corpus may be dismissed upon a showing that: (1) the state has been prejudiced in its ability to respond to the petition; (2) this prejudice resulted from petitioner's delay; and (3) the petitioner has not acted with reasonable diligence as a matter of law. *McDonnell v. Estelle*, 666 F.2d 246, 253 (5th Cir.1982). The state is prejudiced if the delay forecloses its ability to rebut the petitioner's allegations. *See, Baxter v. Estelle*, 614 F.2d 1030, 1035 (5th Cir.1980), *cert. denied*, 449 U.S. 1085, 101 S.Ct. 873, 66 L.Ed.2d 810 (1981). As this Court stated in *McDonnell*:

> If the State makes a prima facie showing that it has been prejudiced as a result of the petitioner's delay, the burden shifts to the petitioner to show either that the state actually is not prejudiced or that petitioner's delay is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

*McDonnell*, 666 F.2d at 251.

The district court held that the state had made a prima facie showing of prejudice. The records from the 1964 plea proceedings were unavailable, the judge and defense attorney did not remember Brown's plea, and the prosecutor was deceased. However, we have held that prejudice alone is

insufficient; the prejudice must result from the petitioner's delay. *McDonnell,* 666 F.2d at 253.

The district court concluded that Brown did not know that he would not be released after serving ten and a half years until 1973. Hence, the delay between 1964 and 1973 is excusable. However, the delay from 1973 until the filing of the instant petition (in 1982) prejudiced the state's ability to rebut Brown's allegations.

Although the state failed to allege that the lawyers and judge from the original trial would have had an independent recollection of the facts in 1973, it may be assumed that the attorneys and judge would have had a better chance of remembering the facts in 1973, than in 1982. Moreover, the state has shown by affidavit that within three years prior to 1982, the assistant district attorney who handled Brown's case died. Thus, the state has shown that it was directly prejudiced by Brown's delay from 1973–1982.

Next, Brown contends that the delay between 1973 and 1982 was excusable because he was unaware of the availability of habeas corpus relief. The district court rejected this assertion and found that, once Brown learned that he would not be released after ten years and six months, he knew or should have known that he could seek collateral relief. *See Mayola v. State of Alabama,* 623 F.2d 992, 999 (5th Cir. 1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1986, 68 L.Ed.2d 303 (1981).

This Court will not set aside the district court's findings of fact unless they are shown to be clearly erroneous. The district court's finding that Brown knew or should have known that he could collaterally attack his conviction is not clearly erroneous. The record reveals that between 1967 and 1978, Brown presented several petitions to the pardon board and, when his sentence was commuted, even hired an attorney to procure the governor's signature. Then, as early as 1979, Brown demonstrated his familiarity with habeas corpus relief by filing a state habeas corpus petition requesting credit for the time he had served between his arrest and conviction. Yet, it was not until 1981 that he filed the instant habeas corpus petition complaining of the alleged broken plea agreement. Hence, we cannot conclude that the district court's finding is clearly erroneous. Accordingly, the district court's judgment is

AFFIRMED.