**Richard Ellman STRAHAN,**
**Petitioner-Appellant,**

v.

**Frank BLACKBURN, Warden, Louisiana State Penitentiary; William J. Guste, Jr., Attorney General, State of Louisiana, Respondents-Appellees.**

**No. 83–3512.**

United States Court of Appeals,
Fifth Circuit.

Jan. 14, 1985.

Virginia Laughlin Schlueter, Asst. Federal Public Defender, New Orleans, La., for petitioner-appellant.

Abbott J. Reeves, Asst. Dist. Atty., Gretna, La., for respondents-appellees.

Before TIMBERS,* POLITZ and RANDALL, Circuit Judges.

POLITZ, Circuit Judge:

This appeal squarely poses the question of the application of Rule 9(a) of the Rules Governing Section 2254 Cases, 28 U.S.C.

---

* Circuit Judge of the Second Circuit, sitting by designation.

foll. § 2254, to a petition for writ of habeas corpus under 28 U.S.C. § 2254. We examine the language and history of the Rule against the backdrop of its application by this and other circuit courts, apply the found standard to the facts of this case and conclude that the petition of Richard Ellman Strahan was prejudicially delayed and should be rejected.

### Facts

In April 1969 Strahan was indicted for aggravated rape. After two examinations by a sanity commission and two periods of confinement in the East Louisiana State Hospital, Strahan was found competent to stand trial. A jury returned a verdict of guilty without capital punishment and in April 1970 Strahan was sentenced to life imprisonment. One year later, Strahan moved to proceed in forma pauperis on appeal and sought a trial transcript. The matter languished. In June 1974 the state trial judge denied the motion for the transcript but the following December the Louisiana Supreme Court granted an out-of-time appeal and appointed appellate counsel for Strahan. Counsel made an examination for potential error and designated the part of the trial record to be transcribed for the appeal. Voir dire examination of jurors, closing argument and the judge's charge to the jury were available for transcription but were not designated and were thus not transcribed. Under Louisiana law in effect at that time, transcripts included only those portions of the trial record for which a bill of exceptions, a claim of error, was reserved.[1] After reviewing the record presented, which included the testimony of all witnesses, Louisiana's highest court affirmed the conviction. *State v. Strahan,* 325 So.2d 231 (La.1976).

Strahan subsequently sought state habeas relief which was denied by the trial court and by the Louisiana Supreme Court. *Strahand v. Blackburn,* 396 So.2d 912 (La. 1981). In the intervening years the state court reporter died and his trial notes were destroyed.

On March 12, 1981, Strahan filed a petition for federal habeas, contending that he was denied due process because the court reporter failed to transcribe the entire trial thus precluding review of alleged trial errors. After a dismissal upon recommendation of the magistrate, the petition was reinstated, reconsidered and again dismissed upon a finding and conclusion that no due process violation occurred as a consequence of the partial transcription of the state trial record.

### Analysis

We do not consider the merits of Strahan's petition for, as noted above, we conclude that the filing of the petition was prejudicially delayed. Rule 9(a) of the Rules Governing Section 2254 Cases provides:

A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Rule 9(a) incorporates into the body of habeas corpus law the element of laches. 17 Wright & Miller, Federal Practice and Procedure, § 4268 at 701 (1978). As originally proposed,[2] Rule 9(a) would have creat-

---

**1.** La.Code Crim.Proc.Ann. arts. 841 & 843. *Davis v. Henderson,* 474 F.2d 1098 (5th Cir.1973).

**2.** As originally proposed by the Supreme Court, Rule 9(a) included the following language which the Congress deleted before the Rules became effective on February 1, 1977:

If the petition is filed more than five years after the judgment of conviction, there shall be a presumption, rebuttable by the petition-

er, that there is prejudice to the state. When a petition challenges the validity of an action, such as revocation of probation or parole, which occurs after judgment of conviction, the five-year period as to that action shall start to run at the time the order in the challenged action took place.

H.R.Rep. No. 1471, 94th Cong., 2d Sess. 5, *reprinted in* 1976 U.S.Code Cong. & Ad.News 2478, 2481.

ed a rebuttable presumption of prejudice in favor of the state if the habeas petition was filed more than five years after the judgment of conviction. Congress rejected this mechanical approach. In deleting the language relating to the rebuttable presumption, the House Judiciary Committee stated that "it is unsound policy to require the defendant to overcome a presumption of prejudice and [this] legislation brings Rule 9(a) into conformity with other provisions of law." H.R.Rep. No. 1471, 94th Cong., 2d Sess. 5, *reprinted in* 1976 U.S. Code Cong. & Ad.News 2478, 2481. The Committee noted that the "facts which make it difficult for the State to respond to an old claim ... can readily be discovered by the State." *Id.* at 2482 n. 8. The proposed five-year rebuttable presumption would have been, in effect, a statute of limitation, arguably prohibited by the Constitution which mandates that: "The privilege of the writ of habeas corpus shall not be suspended...." U.S. Const. art. I, § 9, cl. 2.

■ As finally adopted, Rule 9(a) permits dismissal of an application for federal habeas relief if the state carries the burden of proving prejudice as a consequence of the delay between the conviction and the federal habeas invocation. In order to establish prejudice under Rule 9(a), the state must prove

> that it has been prejudiced in its ability to respond to the habeas petition as a result of the petitioner's delay in filing. "[The] delay alone is no bar to federal

habeas relief .... In order to prevail on a laches claim respondent must make *a particularized showing of prejudice.*" (Citations omitted.) In addition, the state must show that the prejudice was caused by the delay.

*McDonnell v. Estelle,* 666 F.2d 246, 251 (5th Cir.1982). "It is the state's ability to respond to the petition, not its ability to retry the petitioner successfully, that is relevant. The impact that delay may have had on a possible retrial is not to be considered."[3] 17 Wright, Miller & Cooper, Federal Practice and Procedure, § 4268 at 701 (1978).

■ If the state makes a prima facie showing of prejudice, the burden shifts to the petitioner to negate prejudice or to show that the delay "is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred." Rule 9(a), 28 U.S.C. foll. § 2254. Rule 9(a) is a rule of laches. "Laches is an equitable doctrine. Its application must be considered on the facts of each case, based upon the reasonableness of the party's behavior under the circumstances." *Baxter v. Estelle,* 614 F.2d 1030, 1033–34 (5th Cir.1980). In informing our judgment on the application of Rule 9(a) to the present case, we have surveyed all appellate level cases applying the Rule. An abbreviated reference to each case where the Rule was consequentially addressed is set forth in the margin.[4]

---

**3.** There have been contrary, non-dispositive expressions. For example, see the comments of Chief Justice Burger in the denial of certiorari in *Spalding v. Aiken,* 460 U.S. 1093, 103 S.Ct. 1795, 76 L.Ed.2d 361 (1983); and the observations in *Aiken v. Spalding,* 684 F.2d 632 (9th Cir.1982) (Poole, J., concurring specially), *cert. denied,* 460 U.S. 1093, 103 S.Ct. 1795, 76 L.Ed.2d 361 (1983).

**4.** CASES GRANTING 9(a) DISMISSAL

*Second Circuit*

*Honeycutt v. Ward,* 612 F.2d 36 (2d Cir.1979), *cert. denied,* 446 U.S. 985, 100 S.Ct. 2969, 64 L.Ed.2d 843 (1980).
15 year delay
State prejudiced because:
i. transcripts not available;

ii. the trial judge and trial counsel were not available; and
iii. the relevant facts could not be determined.

*Fifth Circuit*

*Mayola v. State of Alabama,* 623 F.2d 992 (5th Cir.1980), *cert. denied,* 451 U.S. 913, 101 S.Ct. 1986, 68 L.Ed.2d 303 (1981).
16 year delay
State prejudiced because:
i. transcript not available; court reporter's notes lost; and
ii. numerous witnesses were dead, unavailable, or without effective recall of pertinent facts.

*Henson v. Estelle,* 641 F.2d 250 (5th Cir.), *cert. denied,* 454 U.S. 1056, 102 S.Ct. 603, 70 L.Ed.2d 593 (1981).

18 year delay
State prejudiced because:
i.   transcript of the guilty plea hearing not available; and
  ii.   trial judge deceased.

*Bouchillon v. Estelle,* 628 F.2d 926 (5th Cir. 1980).
27 year delay
State prejudiced because:
i.   transcripts of trial had been destroyed;
  ii.   trial judge and prosecutor deceased; and
  iii.   at least two material witnesses had no recollection of the trial.

*Brown v. Maggio,* 730 F.2d 293 (5th Cir.1984).
9 year delay
State prejudiced because:
i.   records from guilty plea proceeding were not available;
  ii.   prosecutor deceased; and
  iii.   trial judge and defense counsel had no recollection of petitioner's plea hearing.

### Sixth Circuit

*Arnold v. Marshall,* 657 F.2d 83 (6th Cir.1981), *cert. denied,* 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463 (1982).
27 year delay
State prejudiced because:
i.   transcripts not available;
  ii.   trial judge deceased;
  iii.   one of two eyewitnesses deceased and other quite elderly with little recollection of facts; and
  iv.   two of the arresting officers had no recall of case; and prosecutor had general recollection but no recall of specifics.

*Ford v. Superintendent, Ky. State Penitentiary,* 687 F.2d 870 (6th Cir.1982), *cert. denied,* 459 U.S. 1216, 103 S.Ct. 1217, 75 L.Ed.2d 455 (1983).
14 year delay
State prejudiced because of death of trial judge, prosecutor and defense counsel. (Questionable whether Rule 9(a) actually relied on for dismissal of petition.   See comments in dissent (Nathaniel R. Jones, J.) 687 F.2d at 874 n. 1.

*Moore v. Smith,* 694 F.2d 115 (6th Cir.1982), *cert. denied,* 460 U.S. 1044, 103 S.Ct. 1442, 75 L.Ed.2d 798 (1983).
11 year delay
State prejudiced because:
i.   all pertinent records destroyed; and
  ii.   counsel had no recollection why direct appeal was not taken.

*Buchanon v. Mintzes,* 734 F.2d 274 (6th Cir. 1984) (on confession and guilty plea issues).
25 year delay
State prejudiced because:
i.   records not available;
  ii.   witnesses unavailable; and
  iii.   available witnesses have no pertinent recollection.

### Eighth Circuit

*Cotton v. Mabry,* 674 F.2d 701 (8th Cir.), *cert. denied,* 459 U.S. 1015, 103 S.Ct. 374, 74 L.Ed.2d 508 (1982).

10 year delay
State prejudiced because:
i.   transcripts not available;
  ii.   police, witnesses, and defense counsel had no recollection of trial.

*Tippett v. Wyrick,* 680 F.2d 52 (8th Cir.), *cert. denied,* 459 U.S. 992, 103 S.Ct. 350, 74 L.Ed.2d 389 (1982).
11 year delay
State prejudiced by death of defense counsel whose testimony was vital to respond to petitioner's charge that guilty plea was involuntary and that he did not receive effective assistance of counsel.

*Brim v. Solem,* 693 F.2d 44 (8th Cir.1982), *cert. denied,* 460 U.S. 1072, 103 S.Ct. 1530, 75 L.Ed.2d 951 (1983).
21 year delay
State prejudiced because:
i.   pertinent portions of transcript destroyed; and
  ii.   trial judge deceased.

### Ninth Circuit

*Terry v. Enomoto,* 723 F.2d 697 (9th Cir.1984).
14 year delay
State prejudiced because it could not establish the identity, value, and true ownership of goods seized and disposed of year before.

### Tenth Circuit

*Bowen v. Murphy,* 698 F.2d 381 (10th Cir. 1983).
16 year delay
State prejudiced because:
i.   transcripts not available;
  ii.   defense counsel deceased; and
  iii.   recollections of presiding judge and prosecutor very limited.

### CASES DECLINING 9(a) DISMISSAL

### Fourth Circuit

*Alexander v. State of Maryland,* 719 F.2d 1241 (4th Cir.1983).
7 year delay
Although many prejudicial circumstances existed, none was the result of petitioner's delay.

### Fifth Circuit

*Louis v. Blackburn,* 630 F.2d 1105 (5th Cir. 1980).
3 year delay (to first state petition; 10 years to first federal petition)
Petitioner filed federal habeas petition within short period after state supreme court denied habeas relief.

*McDonnell v. Estelle,* 666 F.2d 246 (5th Cir. 1982).
10 year delay
No prejudice established, not shown when records were destroyed during course of delay and whether an earlier filing would have made fuller response possible.

*Marks v. Estelle,* 691 F.2d 730 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3090, 77 L.Ed.2d 1351 (1983).
10 year delay
Prejudice demonstrated by state was not caused by petitioner's delay—law changed.

■ Capsulating the foregoing: upon a determination that the delay in filing is unreasonable, if the state makes a particularized showing of significant delay-related prejudice to its ability to respond to the petition, the petition may be dismissed unless petitioner satisfactorily demonstrates that despite the exercise of reasonable diligence the petition could not have been filed prior to the accrual of the prejudicial circumstances. In this assessment, the length of delay alone will not constitute either unreasonableness of delay or prejudice and prejudice may not be established by reference to difficulties on retrial.

■ In the case at bar, Strahan contends that he was denied due process because the voir dire examination, closing arguments and jury instructions were not transcribed. Through no fault of the state, that portion of the transcript cannot be resurrected; the court reporter is deceased and her notes are lost. Prior to Strahan's direct appeal, Louisiana law required the transcription of only that part of the trial record pertinent to points of error raised on appeal. The court reporter transcribed only those portions of the record designated. In this case, with the Supreme Court of Louisiana permitting an out-of-time appeal and appointing counsel for that appeal, it appears beyond peradventure that the court reporter would have transcribed any part of the record designated by counsel or by the petitioner.

Strahan was aware of the importance of a transcript for review of his trial. As early as 1971 he requested a transcript. He persisted, though languidly, and in 1974 was granted an out-of-time appeal entitling him to a transcript. Counsel designated all of the testimony for transcription, but did not designate the voir dire examination,

*Sixth Circuit*
*Davis v. Adult Parole Authority,* 610 F.2d 410 (6th Cir.1979).
14 year delay
State failed to establish that unavailability of trial transcript was result of petitioner's delay.
*Berry v. Mintzes,* 726 F.2d 1142 (6th Cir.1984).
16 year delay
State relied on a presumption and failed to prove prejudice.
*Buchanon v. Mintzes,* 734 F.2d 274 (6th Cir. 1984) (on waiver of counsel issue).
25 year delay
No prejudice shown; records adequate for state's response to petition.
*Ninth Circuit*
*Myers v. State of Washington,* 646 F.2d 355 (9th Cir.1981), *on remand,* 702 F.2d 766 (9th Cir.1983).
20 year delay
Change in law afforded petitioner grounds for petition which he could not by exercise of reasonable diligence have brought sooner.
*LaLande v. Spalding,* 651 F.2d 643 (9th Cir.), *cert. denied,* 452 U.S. 965, 101 S.Ct. 3119, 69 L.Ed.2d 978 (1981).
7 year delay
State did not prove prejudice but sought to rely on a presumption.
*Aiken v. Spalding,* 684 F.2d 632 (9th Cir.1982), *cert. denied,* 460 U.S. 1093, 103 S.Ct. 1795, 76 L.Ed.2d 361 (1983).
6 year delay
State did not prove prejudice in responding to petition for writ of habeas corpus but referred only to prejudice on retrial.
*Eleventh Circuit*
*Hill v. Linahan,* 697 F.2d 1032 (11th Cir.1983).

13 year delay
State did not prove attributable prejudice; there was no showing that the unavailability of transcript resulted from the delay.

In addition to these cases, Rule 9(a) has been discussed, to varying degrees, in a number of cases in which it was not dispositive authority, including:
*Jackson v. Estelle,* 570 F.2d 546 (5th Cir.1978) (petition filed before effective date of Rule 9(a)).
*Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir. 1978) (en banc) (discusses Rule 9(a) as relates to petitions containing both exhausted and nonexhausted claims).
*Lerma v. Estelle,* 585 F.2d 1297 (5th Cir.1978) (Rubin, J., dissenting), *cert. denied,* 444 U.S. 848, 100 S.Ct. 95, 62 L.Ed.2d 62 (1979).
*Ellis v. Mabry,* 601 F.2d 363 (8th Cir.1979).
*Barksdale v. Blackburn,* 610 F.2d 253 (5th Cir.1980), *on rehearing,* 639 F.2d 1115, *cert. denied,* 454 U.S. 1056, 102 S.Ct. 603, 70 L.Ed.2d 593 (1981).
*Paprskar v. Estelle,* 612 F.2d 1003 (5th Cir.) (delay alone no bar; respondent must make particularized showing of prejudice), *cert. denied,* 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980).
*Baxter v. Estelle,* 614 F.2d 1030 (5th Cir.1980), *cert. denied,* 449 U.S. 1085, 101 S.Ct. 873, 66 L.Ed.2d 810 (1981).
*Washington v. Strickland,* 673 F.2d 879, 906 n. 34 (5th Cir.1982), *on rehearing,* 693 F.2d 1243, *rev'd on other grounds,* — U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

arguments or jury charge. There is nothing of record to indicate that Strahan, directly or through counsel, asked that these portions be transcribed at a time when the reporter was alive and transcription was possible.

The state's contention that it has been materially prejudiced by the 11-year delay is well founded. The delay is unreasonable. The prejudice to the state, the unavailability of the portions of the transcript critical to Strahan's habeas petition, is the direct consequence of the delay. We will not oblige the state to joust windmills by requiring that it prove what is not wrong with that which is not there to be seen.

This is an appropriate case for the application of the control mechanism the Supreme Court and Congress established for the proper processing of petitions for federal habeas relief. Strahan's petition for federal habeas was unduly delayed, to the state's prejudice in properly responding thereto. The judgment of the district court denying habeas relief is AFFIRMED.