42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry Michael TURNER, Petitioner-Appellant,
v.
George W. SUMNER, Respondent-Appellee.
 No. 93-15757.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1994.
Decided Dec. 1, 1994.
 
 Before: BROWNING, TROTT, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 * The district court erred in summarily dismissing Turner's habeas corpus petitions without issuance and service of process upon the respondent. The district court may dismiss a habeas petition without calling for a response only if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. Sec. 2254.
 
 
 3
 It was not clear from Turner's pleadings that he had failed to exhaust state remedies. Turner alleged exhaustion in his objections to the magistrate judge's Findings and Recommendations. Moreover, Turner filed with the court a copy of the Hawaii Supreme Court's order denying his state habeas corpus petition. This was sufficient to entitle Turner to a response from the state.
 
 
 4
 Exhaustion is a defense which may be waived by the state if not raised in the district court. Granberry v. Greer, 481 U.S. 129, 134-36 (1987); Brown v. Maass, 11 F.3d 914, 914 (9th Cir.1993). Moreover, in its answer to the petition, the respondent must "state whether the petitioner has exhausted his state remedies including any post-conviction remedies available to him...." Rule 5, Rules Governing Section 2254 Cases, 28 U.S.C. foll. Sec. 2254.
 
 
 5
 "An appellate court ... may give relief if state remedies are exhausted by the time it acts, even if the remedies were not exhausted when the habeas corpus petition was filed." Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir.1988). Because there was no response from the state, however, the record of the state court proceedings before us is insufficient to permit us to decide whether the exhaustion requirement has been satisfied.
 
 
 6
 The Appellee's brief in this court is the first pleading the respondent has filed in this case. Because the respondent was not given an opportunity to develop the record below, we must vacate and remand for issuance and service of process. On remand, the district court should request a response from the state so that it may decide the exhaustion issue on the basis of a more complete record. If Turner has now exhausted his state remedies, such a response will also enable the district court to decide whether the Hawaii courts have denied Turner relief on the merits or on procedural default grounds, and thus whether Turner must demonstrate "cause and prejudice." See Coleman v. Thompson, 501 U.S. 722, 750 (1991).
 
 II
 
 7
 The district court also erred in dismissing Turner's petitions under Rule 9(a) of the Rule Governing Section 2254 Cases, 28 U.S.C. foll. Sec. 2254. In doing so, the court relied on references in the Advisory Committee Note to a rebuttable presumption of prejudice to the respondent which arises if a habeas petition is filed more than five years after conviction. The Advisory Committee Note is incorrect; no such presumption exists. Congress removed all references to a five-year presumption when it amended Rule 9(a) in 1976. See Pub.L. No. 94-426, Sec. 2(7), 90 Stat. 1334, 1335 (1976). The burden is on the state to make an affirmative showing of prejudice, no matter how much time has passed since conviction. LaLande v. Spalding, 651 F.2d 643, 644 (9th Cir.1981). The district court should not have dismissed Turner's petitions under Rule 9(a) without calling for a response from the state. See Terry v. Enomoto, 723 F.2d 697, 699 (9th Cir.1984).
 
 
 8
 VACATED and REMANDED for issuance and service of process.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3