**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gary Ronald WARREN, Defendant–
Appellant.**

Nos. 02–16413, 02–16415, 02–16417.

D.C. Nos. CV–97–00692–LKK, CV–97–00693–LKK, CV–97–00694–LKK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2003.

Decided June 20, 2003.

---

---

Before HILL,* T.G. NELSON, and HAWKINS, Circuit Judges.

## MEMORANDUM**

Twenty-one years after Gary Ronald Warren pleaded guilty to three counts of burglary, he filed a § 2255 petition for habeas corpus. The district court considered and dismissed Warren's claims on the merits.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm on alternate grounds supported by the record.

Because the facts are known to the parties, we do not recite them here. Rule 9(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rule 9") provides a doctrine of laches defense to untimely habeas petitions.[2] Rule 9 bars a petitioner's habeas corpus proceeding if: (1) the Government proves that its ability to respond to the petition is prejudiced, (2) the petitioner's delay caused the Government's prejudice, and (3) the petitioner is unable to rebut the Government's showing of prejudice or otherwise justify his delay.[3] In this case, all of the elements are satisfied. Thus, the doctrine of laches bars Warren's § 2255 petition.

The Government proved that Warren's delay caused it prejudice in defending against his claims. Both the prosecutor and the trial judge are now deceased.[4] Additionally, Warren's defense counsel can neither locate Warren's file, nor remember most of the details from Warren's sentencing. Most of the transcripts are gone. Thus, the first two laches elements are satisfied.

As for Rule 9's final prong, Warren can neither rebut the Government's showing of prejudice, nor justify his delay. Warren never claims that he has new evidence or facts that were not available to him during his sentencing.[5] He merely claims that neurological impairments affect his ability to learn and process information. Accordingly, he has neither justified his substantial delay in filing the petition, nor rebutted the Government's showing of prejudice.[6] Thus, we hold that Rule 9's

---

* The Honorable James C. Hill, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review a district court's denial of a § 2255 petition de novo. *United States v. Day,* 285 F.3d 1167, 1169 (9th Cir.2002).

2. Rule 9(a) of RULES GOVERNING § 2255 PROCEEDINGS.

3. *Harris v. Pulley,* 885 F.2d 1354, 1366 (9th Cir.1988).

4. *Brown v. Maggio,* 730 F.2d 293, 295–96 (5th Cir.1984) (per curiam) (finding prejudice from lapse of time coupled with death of witnesses).

5. *Arnold v. Marshall,* 657 F.2d 83, 84–85 (6th Cir.1981) (per curiam) (finding Rule 9(a) satisfied when the defendant knew or through reasonable diligence could have learned of the facts used in his petition at the time of sentencing).

6. *Harris,* 885 F.2d at 1366–67 (holding reasonable diligence not used if the facts were available to the petitioner but never used); *see also Brown,* 730 F.2d at 295 (petitioner must show that his delay was "based on grounds of which he *could not have had knowledge* by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred") (emphasis added).

doctrine of laches bars Warren's § 2255 petition and affirm the district court on alternate grounds supported by the record.

AFFIRMED.