FILED IN
COURT OF CRIMINAL APPEALS

December 3. 2014

ABEL ACOSTA, CLERK

WR-78,402-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/2/2014 12:08:44 PM
Accepted 12/2/2014 1:24:15 PM
ABEL ACOSTA
CLERK

RECEIVED
COURT OF CRIMINAL APPEALS
12/3/2014
ABEL ACOSTA, CLERK

No. WR-78,402-01

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

EX PARTE VIRGIL JOEALLEN MARTIN
*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 9412689-A in the 177th Judicial District Court
From Harris County

MOTION FOR REHEARING ON THE COURT'S OWN MOTION

THIS COURT SHOULD HAVE GRANTED RELIEF BASED ON VIRGIL MARTIN'S CLAIM

OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE TO INVESTIGATE

MITIGATION EVIDENCE

I.  The evidence used to support the determination that laches should bar relief in this case

In its unpublished opinion denying relief, this Court points to several findings of fact which placed the State in a "less favorable position." *Ex parte Martin*, No. WR-78,402-01 at *12-13 (Tex. Crim. App. 2014). These findings include that Sheila Martin, Virgil Martin's mother, could not recall whether or not Sheila Martin allowed Virgil Martin to stop attending school, Virgil Martin's criminal history, why Virgil

*Denied. Jan. 14, 2015*

*PC*

Martin was placed in TYC, what Virgil Martin did as a juvenile[1], and how she reacted to Virgil Martin's confinement. *Id.* The trial lawyer could not recall certain details of Virgil Martin's case, whether he made an investigation into the psychological history of Virgil Martin's family, whether he had investigated into Virgil Martin's history of child abuse, and whether he discussed Virgil Martin's home-life situation. *Id.* at 13.

## II. The evidence used to support the determination that laches should bar relief in this case related only to the State's ability to defend against writ claims

The particularized showing required under the now-replaced *Ex parte Carrio* standard involved a "showing of significant delay-related prejudice to its ability to respond to the petition." *Strahan v. Blackburn*, 750 F.2d 438, 443 (5th Cir. 1985). The trial lawyer's recollection of events is an issue that addresses only the State's ability to respond to the current claims of the writ of habeas corpus. *Ex parte Carrio*, 992 S.W.2d 486, 488 (Tex. Crim. App. 1999). Similarly, Sheila Martin's recollection of Virgil Martin's juvenile history and her reaction to Virgil Martin's criminal problems was an issue that related only to the State's ability to defend against Virgil Martin's writ claims. (Judge Patrick's February 12, 2014 Findings of Fact at 25).

All evidence offered to support the State's claim of laches in this case related to a "particularized showing of prejudice," in other words, the State's ability to defend

---

[1] Since Virgil Martin's mother remembered much of Virgil Martin's childhood, this likely means what criminal acts Virgil Martin committed as a juvenile.

Virgil Martin's claims on the petition for habeas corpus. *Cf. Ex parte Smith*, No. WR–79,465–01, 2014 WL 5155006, 2 (Tex. Crim. App. Oct. 1, 2014). During the hearing after this Court remanded Virgil Martin's case to the trial court, State did not advance any new basis for relief, but reasserted that it had been prejudiced in defending the writ:

> the State is not here to argue that we are going to be prejudiced in retrying the case beyond just a typical, you know, the regular isn't it true that you testified in a prior hearing and we're going to have to do a lot of recollection through showing prior testimony. However, the State does believe and continues to assert that the State has shown that we have been materially prejudiced in our defense of the writ.

(February 10, 2014 Hearing R.R. at 7). The State offered no evidence at the writ hearing. The State explicitly conceded that none of its claims of prejudice had to do with its ability to retry the case. (February 10, 2014 Hearing R.R. at 7). The State's position was simply that the decision in *Ex parte Perez* not only permitted the State to show that it would be prejudiced at retrial, but that it altered the standard by which laches applied when considering the State's ability to defend against a petition of writ of habeas corpus. (February 10, 2014 Hearing R.R. at 7-8); *See Ex Parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013).

**III. The evidence used to support the determination that laches should apply in this case was all considered under Judge Fine's analysis under the old *Ex parte Carrio* standard and was explicitly rejected by Judge Fine**

Judge Fine was asked to consider whether Sheila Martin's lapses in memory hurt the State's ability to defend the writ allegations and whether trial counsel's offered any valid justification for his failure to conduct a mitigation investigation (5 Initial Writ Hearing R.R. at 26-27). After hearing all the evidence, Judge Fine explicitly rejected the State's laches claim. (5 Initial Writ Hearing R.R. at 26-27).

**IV. This Court's opinion does not explain how the analysis under *Ex parte Carrio* and *Ex parte Perez* would differ in this particular case**

This Court's opinion does not explain how *Ex parte Perez* acts to change the proper analysis in this case. (February 10, 2014 Hearing R.R. at 14); *Ex Parte Perez*, 398 S.W.3d 206. Even under the federal standard that *Ex parte Carrio* incorporated, the trial court was permitted to consider the ability of witnesses to recall pertinent facts relevant to habeas corpus proceeding and to consider delay as a factor. *See Strahan v. Blackburn*, 750 F.2d 438, 443 n. 5 (5th Cir. 1985) (noting that several cases warranted bar by laches due to witness unavailability, death, or lack of recall of pertinent facts and noted the length of delay in each case); *Ex parte Carrio*, 992 S.W.2d 486, 488 (Tex. Crim. App. 1999) (citing *Strahan v. Blackburn*, 750 F.2d 438). Though *Ex parte Perez* would change the analysis of the State's claim of laches in a case where the State

claimed it was prevented from retrial, it does not follow that *Ex parte Perez* changes the analysis of a case where the State merely alleges prejudice to its ability to defend writ allegations. *Ex Parte Perez*, 398 S.W.3d at 215 (expanding the definition of laches).

The Court's opinion appears to hinge upon the credibility determinations of Judge Patrick, who did not "have an opportunity to assess the credibility of the witnesses who testified" because Judge Patrick did not over the initial writ hearing. (Supplemental Clerk's Record at 21) ( indicating that Judge Patrick merely reviewed the record in this case). Judge Patrick did not consider any new evidence which expanded the State's showing of harm but in fact merely reviewed the records and evidence produced in the writ proceeding presided over by Judge Fine. (Supplemental Clerk's Record at 21). Judge Patrick was asked to reweigh the same evidence that Judge Fine had previously consider and come to a different conclusion regarding the same basic facts. (February 10, 2014 Hearing R.R. at 12-14).

It is Judge Fine's determination of facts and credibility, based on interaction with and observation of the witnesses in this case, that should be given greater weight by this Court. *See Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Given that the State's laches argument does not depend on the expanded definition of laches under *Ex parte Perez*, it instead relies upon the credibility redeterminations made by the judge who did not preside over the initial writ hearing. Virgil Martin would ask this Court to reconsider its decision in this case.

## PRAYER

Virgil Martin prays that this Court withdraw its opinion on its own motion and issue a new opinion granting relief in Virgil Martin's case.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

**/s/** Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender
Harris County Texas
1201 Franklin Street, 13th Floor
Houston Texas 77002
(713) 368-0016
(713) 386-9278 fax
TBA No. 24059981
nicolas.hughes@pdo.hctx.net

## CERTIFICATE OF SERVICE

I certify that a copy of this Motion for Reconsideration on the Court's Own Motion has been served upon the Harris County District Attorney's Office – Post-Conviction Section (Andrew Smith), on this December 2, 2014 by electronic service.

**/s/** Nicolas Hughes
**NICOLAS HUGHES**
Assistant Public Defender