**William T. ARTHUR**

v.

**STATE of Tennessee.**

Supreme Court of Tennessee.

July 3, 1972.

**96**

.Joe Timberlake, Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

McCANLESS, Justice.

On August 19, 1970, William T. Arthur filed his handwritten petition for postconviction relief by which he sought to have set aside his conviction in February, 1967, on a charge of armed robbery. The court dismissed the petition without appointing counsel and without an evidentiary hearing, expressing the opinion that the petitioner was making "an attempt to substi-

tute a postconviction petition for an appeal or writ of error. The allegations, if proven, are not such as would void the judgment in the case complained of."

From the judgment dismissing the petition the petitioner prayed an appeal and that, he being an indigent, the court appoint counsel for him. He suggested the appointment of the same attorney who, by appointment, had represented him at his trial. The court then appointed the attorney who now represents the petitioner.

The Court of Criminal Appeals by a divided panel affirmed the judgment by which the Criminal Court had dismissed the petition.

The question for our decision is whether the petitioner was entitled to an evidentiary hearing or whether the trial court erred in dismissing his petition without such a hearing.

Section 40–3805, Tennessee Code Annotated, provides that relief under the Post-Conviction Procedure Act "shall be granted when the conviction or sentence is void or voidable because of the abridgement in any way of any right guaranteed by the Constitution of this state or the Constitution of the United States, including a right that was not recognized as existing at the time of the trial if either Constitution requires retrospective application of that right."

This Section of the Act is exclusive: unless the petitioner alleges facts which show that his conviction resulted from an abridgement of some right guaranteed him by either the State or the Federal Constitution, his petition is subject to dismissal. Such a petition, being insufficient in law, the court should dismiss it without hearing proof. The purpose of a postconviction proceeding is to determine whether the judgment is void. It is not to determine whether there was error in the trial in which the conviction was had. The law in postconviction proceedings does not differ from that in *habeas corpus*. In

State ex rel. Newsom v. Henderson, Warden, 221 Tenn. 24, 424 S.W.2d 186 [1968], the Court, through Mr. Chief Justice Burnett, said:

"A writ of habeas corpus is to correct the denial of fundamental constitutional rights. It is not to correct mere irregularities of law, and, as we have said before, not a substitute for writs of error and things of that kind. Wooten v. Bomar, 267 F.2d 900, cert. den. 361 U.S. 888, 80 S.Ct. 161, 4 L.Ed.2d 122."

Section 40–3811, Tennessee Code Annotated, excludes from the scope of hearings under the Act "grounds which the court finds should be excluded because they have been waived or previously determined, as herein defined." The Act by Section 40–3812 then provided that "A ground for relief is 'previously determined' is (if) a court of competent jurisdiction has ruled on the merits after a full and fair hearing."

By an amendment enacted as Section 4 of Chapter 96 of the Public Acts of 1971, the following paragraph was added to Section 40–3811, effective July 1, 1971:

"A ground for relief is 'waived' if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived."

■ We consider the 1971 amendment to Section 40–3812 to be but a legislative declaration of the construction that the courts would give to the Post-Conviction Procedure Act, even had this amendment not been enacted. We hold, therefore, that since the record does not show that the petitioner presented, or had sufficient grounds for not presenting, to the court that convicted him, the facts of which he now complains, he waived them and is precluded from relying on them.

■ We granted certiorari so we might consider and pass upon the question whether the petitioner's failure to object to the court's actions on which he relies as grounds for setting aside his conviction has precluded him from relying on them.

The petitioner complains of the admission by the court of evidence of his identification by certain of the State's witnesses and on allegedly improper remarks made by the trial judge to the jury. The petitioner does not aver that during the trial he objected either to the evidence of identification or to the judge's remarks of which he now complains.

■ There must be a finality to all litigation, criminal as well as civil. The courts, the executive branch of government, the legal profession, and the public have been seriously inconvenienced by the prosecutions of baseless *habeas corpus* and post-conviction proceedings. Defendants to criminal prosecutions, like parties to civil suits, should be bound by the judgments therein entered. When they fail to make timely objection to errors of the courts they must not be allowed at later times of their own choosing—often, perhaps, after witnesses against them have become unavailable—to assert those grounds in post-conviction actions.

The question presented by this petition is not the same as that dealt with by the Court in State ex rel. Reed v. Heer, Warden, 218 Tenn. 338, 403 S.W.2d 310 [1966]. Waiver was not an issue in the Heer case. Here the petition contains no allegation that the petitioner in his trial in 1967 excepted to the acts on which he now relies to set his conviction aside.

We have considered the assignments of error and overrule them. The court properly dismissed the petition without an evidentiary hearing, acting under the authority of Section 40–3809 of the Code. We affirm the Court of Criminal Appeals and the Criminal Court.

DYER, C. J., CHATTIN, J., and JENKINS, Special Judge, concur.