**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**APRIL SESSION, 1997**

FILED

June 26, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **PHILIP KEVIN COOK,** | **)** | **C.C.A. NO. 01C01-9604-CR-00146** |
| | **)** | |
| Appellant, | **)** | |
| | **)** | |
| | **)** | **DAVIDSON COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. J. RANDALL WYATT, JR.** |
| **STATE OF TENNESSEE,** | **)** | **JUDGE** |
| | **)** | |
| Appellee. | **)** | (Post-Conviction) |

**ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF DAVIDSON COUNTY**

FOR THE APPELLANT:

PHILIP KEVIN COOK, Pro Se
Special Needs Facility
7575 Cockrill Bend Road
Nashville, TN 37209-1057

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

PETER COUGHLAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

KATRIN N. MILLER
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

This is an appeal as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. On October 9, 1995, the Defendant filed what appears to be his third petition for post-conviction relief. The trial court summarily dismissed the petition without appointing counsel or conducting an evidentiary hearing. It is from the order of dismissal that the Defendant appeals. We affirm the judgment of the trial court.

In 1983, the Defendant was convicted of two counts of armed robbery and two counts of being an habitual criminal. He was sentenced to two consecutive life sentences. His convictions and sentences were ultimately affirmed by our supreme court.[1]

On October 24, 1985, the Defendant filed a post-conviction petition alleging mental incompetence at the time of the commission of the crimes and ineffective assistance of counsel in pursuing the issue regarding his mental incompetence. The trial court denied post-conviction relief and this court affirmed.[2]

The Defendant later filed what appears to have been his second post-conviction petition on June 2, 1989. In that petition, the Defendant primarily challenged the validity of the underlying convictions which supported his habitual

---

[1]State v. Cook, 696 S.W.2d 6 (Tenn. 1985).

[2]Philip Kevin Cook v. State, C.C.A. No. 86-95-III, Davidson County (Tenn. Crim. App., Nashville, May 29, 1987).

criminal sentences. The trial court denied post-conviction relief and this court affirmed.[3]

The Defendant filed the petition in the case <u>sub judice</u> on October 9, 1995. The primary allegations raised in the instant petition are that the prior post-conviction petitions were erroneously dismissed and that the Defendant received ineffective assistance of counsel during the prior post-conviction proceedings. We point out, as noted by the trial judge, that Tennessee courts have long adhered to the rule that a claim of ineffective assistance of counsel in a previous post-conviction proceeding is not cognizable as a basis for relief in a subsequent post-conviction action. <u>House v. State</u>, 911 S.W.2d 705, 712 (Tenn. 1995), <u>cert.</u> <u>denied</u>, __ U.S. __, 116 S.Ct. 1685, 134 L.Ed.2d 787 (1996).

In the Defendant's second post-conviction petition, he attempted to attack collaterally convictions entered in another state. This court upheld the trial court's denial of relief. In the Defendant's third post-conviction petition, he alleges that at the hearing on his second post-conviction petition, the trial court should have taken judicial notice of his mental incapacity because his counsel at his second post-conviction proceeding was ineffective in bringing this to the trial court's attention.

The Defendant's mental competency at the time of his second post-conviction proceeding was not raised in the trial court at that time or on appeal from the denial of post-conviction relief. This issue is presumed to be waived.

---

[3]<u>Philip Kevin Cook v. State</u>, C.C.A. No. 01C01-9208-CR-00247, Davidson County (Tenn. Crim. App., Nashville, Feb. 9, 1993).

Tenn. Code Ann. § 40-30-206(g). "Waiver" is to be determined by an objective standard under which a petitioner is bound by the action or inaction of his attorney. House, 911 S.W.2d at 712. There is no right to effective assistance of counsel in post-conviction proceedings, and therefore, an allegation of ineffective assistance of prior post-conviction counsel does not preclude application of the defense of waiver. Id. at 714.

As our supreme court stated long ago, "[t]here must be a finality to all litigation, criminal as well as civil." Arthur v. State, 483 S.W.2d 95, 97 (Tenn. 1972). We do not believe that the allegations contained in this petition are sufficient to rebut the presumption of waiver or to entitle the Defendant to an evidentiary hearing concerning whether the trial judge should have taken judicial notice of the Defendant's alleged mental condition at the time of the hearing on his second post-conviction petition.

For the reasons stated herein, we cannot conclude that the trial judge erred in dismissing the post-conviction petition. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE


_____
J. CURWOOD WITT, JR., JUDGE