IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
JUNE SESSION, 1998

FILED

September 10, 1998

Cecil W. Crowson
Appellate Court Clerk

TOMMY JOE WALKER,     )
          )
     Appellant     )
          )
vs.     )
          )
STATE OF TENNESSEE,     )
Ex Rel, Donal Campbell,     )
Commissioner of the     )
Tennessee Department of     )
Corrections and Ricky J. Bell,     )
Warden,     )
          )
     Appellee     )

No. 01C01-9707-CR-00297

DAVIDSON COUNTY

Hon. Walter C. Kurtz, Judge

(Writ of Habeas Corpus)

For the Appellant:

**Mark E. Stephens**
Public Defender

**Paula R. Voss**
Asst. Public Defender
1209 Euclid Avenue
Knoxville, TN 37921

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Karen M. Yacuzzo**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

**OPINION**

The appellant, Tommy Joe Walker, appeals the Davidson County Circuit Court's summary dismissal of his application for writ of habeas corpus. Specifically, the appellant contends that the trial court erred in finding that his 1977 conviction for voluntary manslaughter was not void. The appellant is currently incarcerated at the Riverbend Maximum Security Institute in Nashville awaiting execution for an unrelated murder committed in 1989. See State v. Walker, 910 S.W.2d 381(Tenn. 1995), cert. denied, --U.S.--, 117 S.Ct. 88 (1996).

On January 4, 1977, pursuant to a negotiated plea agreement, the appellant entered a guilty plea in the Knox County Criminal Court to one count of voluntary manslaughter committed while on parole.[1] The judgment form entered in conformance with the plea agreement provides, in parts pertinent to this issue:

> It is, therefore, considered by the Court that the defendant ___, for the offense of which he stands convicted, shall undergo confinement in the penitentiary of the State, at hard labor, for a period of not less than _4_ years nor more than _4_ years, from the date of _his_ conviction; that ____ be rendered infamous, as provided by law, and that the defendant . . . . pay all the costs of this prosecution, which are adjudged against _him_ from which
> SENTENCE TO BE SERVED *SEE ATTACHED CERTIFIED COPY
> execution may issue. (The defendant's imprisonment in this case will begin at the expiration of run concurrently with [his] sentence in case No. 7545/) & W/7394 *SEE ATTACHED CERTIFIED COPY.
> . . .

The minutes attached to the judgment form further provide:

> . . .This sentence to run concurrently . . . with the sentence imposed in case No. 7545, and thereafter concurrently. . . with the sentence imposed in case No. 7394, said concurrency beginning July 14, 1976 . . . . [T]hat is, to be served in so far as it can be concurrent, and the remainder served thereafter until completion; Provided, further, however that the judgment in this case shall not limit the authority or discretion of the Parole Board granted by T.C.A. 40-3620, with respect to the defendant's prior cases in which he has been paroled and

---

[1]This conviction for voluntary manslaughter, which involved a crime of violence to the person, see Tenn. Code Ann. § 39-13-204(i)(2), remains, after appellate review, the sole aggravating sentencing circumstance found by a jury in imposing the death penalty in his subsequent capital murder trial. See Walker, 910 S.W.2d at 396, 398.

2

> charged with parole violation; that is, the concurrency aspect of this sentence is subject to limitation by the Parole Board in its revocation proceedings. . . .

(emphasis added).

On April 3, 1997, the appellant filed an application for writ of habeas corpus alleging that the 1977 judgment entered against him is void because his "plea of guilt was premised upon the promise of a concurrent sentence," which the trial court had no authority to impose.[2]  The trial court dismissed the appellant's application finding that the appellant's claim did not constitute a valid claim for habeas relief because the judgment, from its face, was not void.  The appellant, in contesting the decision of the trial court, asserts that the 1977 judgment form reflects that the appellant's sentence was to be served concurrently with two outstanding sentences for which he was on parole at the time of the present offense.  Relying exclusively upon Henderson v. State ex rel. Lance, 419 S.W.2d 176 (Tenn. 1967),[3] he argues that this judgment, which is contrary to the statutory mandate of the existing law at the time, Tenn. Code Ann. § 40-3620 (1978 Supp.), is void on its face as the trial court was without the authority to impose concurrent sentences.

> Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

---

[2]In essence, the appellant attacks the voluntariness of his guilty plea based upon the promise of concurrent sentences.  Habeas corpus relief is not available where it is necessary to challenge a facially valid conviction with extrinsic evidence.  State v. Burford, 845 S.W.2d 204, 205 (Tenn. 1992). The appellant's allegation that the promise of concurrent sentences induced his guilty plea is extrinsic evidence.

[3]In Henderson, the defendant committed a robbery with a deadly weapon while on parole . Henderson, 419 S.W.2d at 177.  Subsequently, the paroled defendant entered into an agreement where he would plead guilty to simple robbery, the maximum sentence would be five years, and the sentence would be served concurrently with the sentence being served on parole. Id. The same statute requiring consecutive sentences was in effect at that time and the court's judgment was contrary to the statutory mandate.  The supreme court held that the defendant's application for a writ of habeas corpus was proper. Id. at 179.  The court held that the defendant was entitled to withdraw his guilty plea since it was partly based upon concurrent sentencing considerations. Id. at 179.

<u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993) (emphasis added). Because the record reflects that the judgment of conviction is not void on its face and that the trial court was clearly vested with jurisdiction to impose the resulting sentence, the remedy of habeas corpus is not available to the appellant in this case.

Although we concede the principle of law established by <u>Henderson</u>, the case presently before this court is distinguishable from the facts before the court in <u>Henderson</u>. We are unable to discern from the opinion in <u>Henderson</u> whether the trial court was aware of the defendant's paroled status, or if such information appeared on the judgment. <u>See</u>, <u>Bergdorf v. State</u>, No. 01C01-9508-CC-00279 (Tenn. Crim. App. at Nashville, Oct. 8, 1996). In the case before us, there is no indication that the trial court was aware of the Board of Parole's determination, in fact, the judgment is expressly conditioned upon the Board's future action. From the record before us, we cannot be certain that the sentences are indeed illegal, and, therefore, void. <u>See Bergdorf</u>, No. 01C01-9508-CC-00279. The explicit language of the judgment provides that the concurrent aspect of the sentence is not definite, but is subject to the determination of the Board of Paroles. As conferred by our Legislature, only the Board of Pardons and Paroles has the authority to revoke a parolee from a paroled sentence and determine what portion of the paroled sentence he is to serve.[4] <u>See</u> Tenn. Code Ann. § 40-3620. It is not apparent from the face of the judgment or from the record on appeal whether the appellant was

_____

[4]Specifically, Tenn. Code Ann. § 40-3620 provides:
If any prisoner be convicted in this state of a felony, committed while on parole from a state prison or workhouse, <u>he shall serve the remainder of his sentence, under which he was paroled, or such part of that sentence, as the board may determine before he commences serving the sentence affixed while on parole</u>. If any prisoner while on parole from a state prison or workhouse shall commit a crime under the laws of another state government or country which, if committed within this state, would be a felony, and if he shall be convicted of such a crime, the director of the decision of probation and paroles shall return such a prisoner through the terms of the interstate compact. The board shall require that he <u>serve the portion remaining of his maximum term of sentence or such part as the board may determine</u>. The board at its discretion, may recommend to the commissioner of correction, the removal of all or any part thereof of the good and honor time and incentive time accrued on the sentence under which he was paroled.

(Emphasis added).

4

ever revoked from his paroled sentences, and, if he was revoked, as to which part of the paroled sentences he was required to serve.[5]  Additionally, the appellant has presented no evidence to support his allegation that his sentences were, indeed, served consecutively.  Thus, it is not clear on its face that the judgment is void.  Rather, the judgment merely indicates that the judgment is voidable.  Accordingly, the trial court did not err by summarily dismissing the appellant's application.[6]

Additionally, although we acknowledge that our supreme court has rejected the doctrine of laches to applications for habeas corpus relief, see, e.g., Wills v. State, 859 S.W.2d 308, 310 (Tenn. 1993) (refusing to apply doctrine of laches in post-conviction setting); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (habeas corpus has no statutory time limitation); see also Adkins v. State, 911 S.W.2d 334, 342 (Tenn. Crim. App. 1994), perm. to appeal dismissed, (Tenn. 1995), other courts have applied this equitable doctrine to this area.[7] The doctrine of laches is based upon the maxim that equity aids the vigilant and not those who slumber on their rights.  BLACK'S LAW DICTIONARY 875 (6th ed. 1990).  "It is defined as neglect to assert a right or claim which, taken together with lapse of time and other circumstances causing prejudice to adverse party, operates as a bar in a court of equity."  Id.  This doctrine could properly be applied to habeas corpus proceedings

---

[5]We note that the appellant has failed to provide a complete record on which to base our review.  Specifically, a transcript of the guilty plea hearing is not provided nor is any indication as to the manner in which the appellant's 1977 sentence for manslaughter was served.  Thus, other than the question of law currently before this court we have no evidence that the appellant has been aggrieved in any manner or that he has not received the benefit of his plea bargain.

[6]An application for the issuance of a writ of habeas corpus may be summarily dismissed by a trial court if the application fails to indicate that the petitioner's conviction is void.  See Tenn. Code Ann. §§ 29-21-101, -109 (1980).  If the writ is refused based on the failure of the petition to raise a cognizable claim for relief, any need for a hearing is obviously pretermitted because there is no justiciable issue before the court.  See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 381 S.W.2d 280 (1963).  See generally Tenn. Code Ann. §§ 29-21-101 to -130 (1980 and Supp.1996).

[7] See  Ex parte Patterson, No. 72,866 (Tex. Crim. App. June 10, 1998)(for publication) (Baird, J., concurring) (citing Rule 9, 28 U.S.C. 224;  Lonchar v. Thomas, 517 U.S. 314, 116 S.Ct. 1293 (1996);Walters v. Scott, 21 F.3d 683 (5th Cir. 1994); Strahan v. Blackburn, 750 F.2d 438, 441 (5th Cir.), cert. denied, 471 U.S. 1138, 105 S.Ct. 2683 (1985); Falkner v. State, 586 So.2d 39 (Ala. Crim. App. 1991), overruled on other grounds, Wallace v. State, 666 So.2d 864 (Ala. Crim. App. 1995); In re Stankewitz, 220 Cal. Rptr. 382, 708 P.2d 1260 (Cal. 1985); McCray v. State, 699 So.2d 1366 (Fla. 1996); Thomas v. State, 903 P.2d 328 (Okla. Crim. App.), cert. dismissed, 516 U.S. 1020, 116 S.Ct. 593 (1995); Flute v. Class, 559 N.W.2d 554 (S.D. 1997)).

when the delay in bringing a claim for collateral relief has been unreasonable and unjustified and the State has been prejudiced in responding to the claim. See Ex parte Patterson, No. 72,866 (Tex. Crim. App. June 10, 1998) (*for publication*) (Baird, J. concurring) (encouraging court to reconsider application of doctrine of laches in habeas proceedings).  Although a void judgment may be attacked at any time, because convictions must eventually become final, an inmate must not be permitted to engage in inordinate delays in bringing their claims for relief before the courts without justification.  See  Wills, 859 S.W.2d at 312 (O'Brien, J., concurring in part and dissenting in part); State v. White, No. 1101 (Tenn. Crim. App. at Knoxville, Apr. 21, 1987), perm. to appeal denied, (Tenn. June 29, 1987).  See also  Ex parte Patterson, No. 72,866 (Baird, J., concurring).  The State has a legitimate interest in preventing the litigation of stale or fraudulent claims.  Wills, 859 S.W.2d at 312 (O'Brien, J. concurring in part and dissenting in part) (quoting Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992)).

In 1977, after being indicted for murder, the appellant pled guilty to voluntary manslaughter and received the benefits of a negotiated four year sentence.  This sentence was served by the appellant without objection.  Following expiration of this sentence, whether served either consecutive or concurrent to a parole violation, the appellant was released from confinement.  Now, twenty-two years later, he challenges his conviction based upon an error in sentencing which has already been served.  Although he seeks redress for this error, he offers no excuse or reason for the delay.  The record reflects no "procedural trap" or external impediment which has occasioned the delay.  See generally, Crank v. Duckworth, 969 F.2d 363,365 (7th Cir. 1992).  Because the remedy sought today was equally available by means of post-conviction relief twenty-two years ago, we can only assume that it was the appellant's decision to forgo any challenge during incarceration and avoid risking a conviction for murder.

The unwarranted filings of such delayed claims unnecessarily clogs the court dockets and represents an abuse of the judicial process. As stated by the United States Supreme Court, "[n]o procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right." Michel v. Louisiana, 350 U.S. 91, 99, 76 S.Ct. 158, 163 (1955) (citation omitted). A petitioner must be held to reasonable diligence in making application for relief and such application should be made within a reasonable or justifiable time. White, No. 1101. When a prisoner has available information and facts to present an application for relief and fails to do so, a later application is indicative of bad faith and should be denied. White, No. 1101.

For the reasons expressed in this opinion, the trial court's dismissal of the appellant's application for writ of habeas corpus is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:


_____
JOHN H. PEAY, Judge


_____
JOSEPH M. TIPTON, Judge