## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT KNOXVILLE

### JANUARY 1999 SESSION

FILED

August 12, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **DARRELL FRITTS**, | * | C.C.A. NO. 03C01-9803-CR-00116 |
| APPELLANT, | * | MONROE COUNTY |
| VS. | * | Hon. Douglas A. Meyer, Judge |
| **STATE OF TENNESSEE**, | * | (Post-Conviction) |
| APPELLEE. | * | |

For Appellant:

L. Darren Gibson
Attorney for Appellant
735 Broad Street, Suite 700
Chattanooga, TN  37402

For Appellee:

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN  37243-0493

Michael J. Fahey, II
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North, 2nd Floor
Nashville, TN  37243

Jerry N. Estes
District Attorney General
203 E. Madison Ave.
Athens, TN  37303

OPINION FILED: _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

## OPINION

On May 27, 1994, the petitioner, Darrell Fritts, filed his second petition for post-conviction relief in the Criminal Court of Monroe County. The trial court appointed counsel and conducted a hearing on March 12, 1997.[1] On September 25, 1997, the trial court entered an order denying the petition for post-conviction relief. On appeal, the petitioner contends that his sentence violates the Ex Post Facto clauses of the United States and Tennessee Constitutions.[2] Moreover, the petitioner argues that he should be granted a new sentencing hearing pursuant to our supreme court's decision in State v. Pearson, 858 S.W.2d 879 (Tenn. 1993). Following a review of the record, we affirm the decision of the trial court.

On December 1, 1989, the petitioner was convicted by a jury in the Monroe County Criminal Court of second degree murder. On January 19, 1990, the trial court sentenced the petitioner as a Range I standard offender to twenty-five years incarceration in the Tennessee Department of Correction. This court affirmed his conviction on September 25, 1992. State v. Darrell Fritts, No. 132, 1992 WL 236152 (Tenn. Crim. App. at Knoxville), perm to appeal dismissed, (Tenn. 1993). The petitioner did not challenge his sentence in his direct appeal.

On October 15, 1993, the petitioner, proceeding pro se, filed his first petition for post-conviction relief, requesting a delayed appeal to the Tennessee Supreme Court. The trial court conducted a hearing on May 23, 1994, and on May 27, 1994, denied the petitioner relief. The petitioner did not appeal the trial court's

---

[1] On April 11, 1997, the trial court allowed the petitioner to submit an amended petition for post-conviction relief to explain the grounds for relief he argued at the evidentiary hearing.

[2] In his statement of facts, the petitioner briefly mentions ineffective assistance of counsel and unlawful closing arguments by a special prosecutor but does not argue these issues in the body of his brief.

decision. Instead he filed the present petition.

At the post-conviction hearing, the petitioner's primary issue was whether a new sentencing hearing should be granted on the basis of Pearson, 858 S.W.2d 879. In Pearson, 858 S.W.2d at 884, our supreme court held that:

> in order to comply with the ex post facto prohibitions of the U.S. and Tennessee Constitutions, trial court judges imposing sentences after the effective date of the 1989 statute, for crimes committed prior thereto, must calculate the appropriate sentence under both the 1982 statute and the 1989 statute, in their entirety, and then impose the lesser of the two.

Moreover, Tenn. Code Ann. § 40-35-117(b) (1990) provides that a defendant sentenced on or after November 1, 1989 for an offense committed prior to the enactment of the 1989 Criminal Sentencing Reform Act should be sentenced under the 1989 Act, unless such is constitutionally barred. In conjunction therewith, Tenn. Code Ann. § 39-11-112 (1990) provides that, if the legislature reduces the penalty for an offense between the time of commission and the time of sentencing, a defendant is entitled to the lesser penalty.

The petitioner committed the second degree murder prior to the enactment of the 1989 Sentencing Act but was sentenced after its effective date. In sentencing the petitioner, the trial court neglected to consider the 1982 Act and merely sentenced the petitioner to twenty-five years pursuant to the 1989 Act. Therefore, the Pearson rule potentially mandates a new sentencing hearing. However, our inquiry does not stop here.

In order to obtain post-conviction relief, a petitioner must allege that his conviction or sentence is void or voidable due to the abridgement of a constitutional

right.  Tenn. Code Ann. § 40-30-105 (1990).  A post-conviction ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.  Tenn. Code Ann. § 40-30-112(b)(1) (1990); House v. State, 911 S.W.2d 705, 713-14 (Tenn. 1995).  There is a rebuttable presumption that a ground for relief not raised in any such proceeding is waived. Tenn. Code Ann. § 40-30-112(b)(2) (1990).  Additionally, our courts have repeatedly held that when a petitioner fails to present a ground for relief in his first post-conviction proceeding, that ground is waived for purposes of any subsequent post-conviction proceedings.[3]  As our supreme court stated long ago, "[t]here must be a finality to all litigation, criminal as well as civil."  Arthur v. State, 483 S.W.2d 95, 97 (Tenn. 1972).

As previously noted, the petitioner filed his first petition for post-conviction relief on October 15, 1993, requesting a delayed appeal to the Tennessee Supreme Court.  The Pearson decision was filed on June 14, 1993, and was an available ground for relief.  See Burford v. State, 845 S.W.2d 204 (Tenn. 1995).  Therefore, as a result of his failure to raise the issue in his first petition for post-conviction relief, the petitioner has waived any ex post facto challenge to his sentence.

In any event, even if the petitioner's ex post facto challenge is not waived, we conclude that the trial court imposed the lesser of the two possible sentences under the 1982 Act and the 1989 Act.  We thereby reject the petitioner's

---

[3] Caruthers v. State, 814 S.W.2d 64, 69-70 (Tenn. Crim. App. 1991); Smith v. State, No. 02C01-9801-CR-00018, 1998 WL 899362, at *4 (Tenn. Crim. App. at Jackson, December 28, 1998); Coleman v. State, No. 02C01-9611-CR-00395, 1998 WL 858537, at *5 (Tenn. Crim. App. at Tucson, December 4, 1998); Caldwell v. State, No. 02C01-9711-CC-00446, 1998 WL 775685, at *3 (Tenn. Crim. App. at Jackson, November 9, 1998); Mandela v. State, No. 01C01-9610-CR-00459, 1998 WL 511133, at *7 (Tenn. Crim. App. at Nashville, August 20, 1998).

4

argument that he could have received a lesser sentence under the 1982 Act because he did not receive proper notice of the State's intent to seek enhanced punishment.  <u>See</u> Tenn. Code Ann. § 40-35-202 (1990).[4]  The petitioner failed to object to the lack of notice at the 1990 sentencing hearing and in his first post conviction proceeding and will not be heard to complain for the first time in these proceedings.

The petitioner was convicted of second degree murder.  Tenn. Code Ann. § 39-2-211 (1982 Repl.)  The punishment range extended from imprisonment for a period of not less than ten years to life imprisonment.  Tenn. Code Ann. § 39-2-212 (1982 Repl.)  Furthermore, due to his prior burglary convictions, the petitioner would have qualified as a persistent offender under the 1982 Act.  Tenn. Code Ann. § 40-35-106 (1982 Repl.)  Accordingly, the petitioner's minimum sentence under the 1982 Act would have been thirty-five years.  <u>See</u> Tenn. Code Ann. § 40-35-106 and -109 (1982 Repl.)  Clearly, in receiving a twenty-five year sentence under the 1989 Act, the petitioner received the benefit of the lesser sentence.

Accordingly, we affirm the judgment of the trial court.

_____

Norma McGee Ogle, Judge

CONCUR:

_____

[4] The State relies upon two enhancement factors.  First, the State introduced evidence of the petitioner's 1985 burglary conviction and his 1986 burglary of an automobile conviction.  <u>See</u> Tenn. Code Ann. § 40-35-114(1) (1990).  Second, the State relied upon the petitioner's use of a firearm in the commission of his offense.  <u>See</u> Tenn. Code Ann. § 40-35-114(9) (1990).

_____

Gary R. Wade, Presiding Judge


_____

John K. Byers, Senior Judge