# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## AUGUST 1999 SESSION



**FILED**

September 28, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

ROCKY HIPPS, )
)
      **Appellant**, )   **C.C.A. No. 03C01-9807-CC-00237**
)
vs. )   **Blount County**
)
STATE OF TENNESSEE, )   **Hon. D. Kelly Thomas, Jr., Judge**
)
      **Appellee**. )   **(Post-Conviction)**
)

**FOR THE APPELLANT:**           **FOR THE APPELLEE:**

**CRAIG L. GARRETT**              **PAUL G. SUMMERS**
Attorney for Appellant         Attorney General & Reporter
226 E. Broadway Avenue
Maryville, TN 37801          **MICHAEL J. FAHEY, III**
                    Assistant Attorney General
                    Criminal Justice Center
                    425 Fifth Avenue North
                    Nashville, TN 37243

                    **DAVID G. BALLARD**
                    District Attorney General

                    **EDWARD P. BAILEY, JR.**
                    Asst. District Attorney General
                    363 Court Street
                    Maryville, TN 37804

OPINION FILED: _____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The petitioner, Rocky Hipps, appeals the Blount County Circuit Court's denial of post-conviction relief. On appeal, the defendant alleges (1) that five prior convictions should be overturned because the underlying guilty pleas were defective and (2) that two other prior convictions should be overturned because trial counsel ineffectively represented the petitioner. We affirm the judgment of the trial court.

In order to facilitate further discussion, we divide the petitioner's convictions into two groups as follows:

Group A     Case No. C-274, forgery, guilty plea January 1979.
         Case No. C-517, petit larceny, guilty plea September 1979.
         Case No. C-1155, second degree burglary, guilty plea May 1982.
         Case No. C-1155, grand larceny, guilty plea May 1982.
         Case No. C-1710, robbery, guilty plea January, 1984.

Group B     Case No. C-3913, grand larceny, guilty plea April, 1988.
         Case No. C-3914, aggravated kidnapping, guilty plea April 1988.

The petitioner filed the post-conviction petition now under review on June 19, 1989. The trial court appointed counsel, who amended the petition. The court held an evidentiary hearing on March 6, 1997. The petitioner argued that the Group A guilty pleas were invalid because the trial court failed to observe the plea-acceptance requirements imposed by State v. Mackey, 553 S.W.2d 337 (Tenn. 1977). He argued that the Group B convictions were invalid because of counsel's ineffectiveness in failing to adequately challenge the state's use of the Group A convictions as bases for charging the petitioner with being an habitual criminal. See Tenn. Code Ann. §§ 39-1-801 to -807 (1982) (repealed 1989). The indictments in Group B charged grand larceny, aggravated kidnapping, and, using these charges as triggering offenses, two habitual criminal counts. Pursuant to a plea agreement, the petitioner pleaded guilty to grand larceny and aggravated

2

kidnapping and received an effective thirty-year sentence to be served at 30 percent. Approving the agreement, the trial court dismissed the habitual criminal charges. The petitioner maintains that had his counsel in the Group B cases effectively challenged the validity of the Group A convictions, the risk of an habitual criminal life sentence would have been removed, and he would not have pleaded guilty to aggravated kidnapping in case no. C-3914, a case in which he maintains he had a defense.

In its order denying post-conviction relief, the trial court found (1) that no constitutional errors were committed in the Group A guilty-plea proceedings and that, accordingly, any deficiencies in the plea acceptance procedures were not subject to post-conviction relief, and (2) that, therefore, trial counsel in the Group B cases was not ineffective in "failing to attack the Habitual Criminal counts of the indictment." The post-conviction court further found that, even if trial counsel's representation in the Group B cases had been deficient, no prejudice was shown because had the petitioner gone "to trial in the aggravated kidnapping charge, he would most certainly lose." The court based this conclusion upon the finding that the petitioner's testimony at the evidentiary hearing established the elements of aggravated kidnapping. Additionally, the post-conviction court found that, upon a conviction of aggravated kidnapping, the petitioner would have been sentenced to a minimum period of incarceration of 40 years, even without the habitual criminal charges. Recounting that the negotiated sentence was 30 years, the court essentially found that no prejudice resulted from the alleged deficient performance of counsel.

The post-conviction petition in this case is governed by the provisions of the 1967 Post-Conviction Procedure Act. See Tenn. Code Ann. § 40-30-101 to -124 (1990) (repealed 1995). Under this act, a petitioner may attack a "conviction or sentence [that] is void or voidable because of the abridgement in any way of any right guaranteed by the constitution of this state or the Constitution of the United

3

States." Tenn. Code. Ann. § 40-30-105 (1990) (repealed 1995). A petitioner bears the burden of proving his post-conviction case by a preponderance of the evidence. Irick v. State, 973 S.W.2d 643, 651 (Tenn. Crim. App. 1998). "On appeal, the trial court's findings are conclusive unless the evidence preponderates against its determinations." Id.

### 1. The Challenge to the Group A Convictions.

The petitioner pleaded guilty in all of the Group A cases. He contends that these pleas are invalid because the trial court did not advise him that "upon the sentencing hearing, evidence of any prior convictions may be presented to the judge or jury for their consideration in determining punishment." See State v. Mackey, 553 S.W.2d 337, 341 (Tenn. 1977). He also contends that, in one of the Group A cases, the trial court failed to inform him as to the minimum and maximum penalties. See id. Based upon these alleged deficiencies in the guilty pleas, the petitioner challenges the validity of the Group A convictions.

The federal constitution requires that a guilty plea be knowing and voluntary. Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709 (1969). "To be voluntary [the plea] must be knowledgeable and the failure to properly instruct a defendant is a violation of due process and the guilty plea is void." State v. Newsome, 778 S.W.2d 34, 35 (Tenn. 1989). The constitutionally required instructions relate to the waiver of certain "federal constitutional rights," namely, the privilege against compulsory self-incrimination, the right to a jury trial, and the right to confront the accusing witnesses. Boykin, 395 U.S. at 243, 89 S. Ct. at 1712; State v. Neal, 810 S.W.2d 131, 135 (Tenn. 1991), overruled in part on other grounds by Blankenship v. State, 897 S.W.2d 902 (Tenn. 1993).

In Mackey, a direct appeal of a conviction based upon a guilty plea, the Tennessee Supreme Court, in an exercise of its "supervisory power to insure

4

that the courts of this State afford fairness and justice to defendants in criminal cases," promulgated a procedure for trial courts to follow when accepting guilty pleas. See Mackey, 553 S.W.2d at 340. The court acknowledged that the litany of instructions contained in the procedure were "stricter standards than those mandated by . . . Boykin." Id. This litany includes instructions on the mandatory minimum and the maximum possible penalties which the accused faces and advice on the possibility that punishment may be based upon a consideration of prior convictions. Id. at 341.[1]

Many, but not all, of the Mackey guilty plea requirements are now set forth in Tennessee Rule of Criminal Procedure 11 (c). However, the three basic waiver issues that were identified in Boykin--the privilege against compulsory self-incrimination and the rights to a jury trial and to confrontation of witnesses--continue to be the touchstone for *constitutional* concerns about guilty pleas. See, e.g., State v. Prince, 781 S.W.2d 846, 852 (Tenn. 1989); Bentley v. State, 938 S.W.2d 706, 711 (Tenn. Crim. App. 1996). The additional procedural requirements set forth in Rule 11, Mackey and McClintock do not raise "issue[s] of constitutional dimensions." Prince, 781 S.W.2d at 852; see also Bryan v. State, 848 S.W.2d 72, 75 (Tenn. Crim. App. 1992). The petitioner's complaints about his Group A guilty pleas are based upon non-constitutional elements of Mackey. See Neal, 810 S.W.2d at 138 (failing to warn that "the resulting judgment of conviction could be used in a

---

[1]In State v. McClintock, 732 S.W.2d 268 (Tenn. 1987), our supreme court added to the Mackey procedure the requirement that "a court accepting a guilty plea must make it clear to the defendant that the resulting judgment of conviction may be used in a subsequent proceeding to enhance the punishment for subsequent offenses." Id. at 273; see Neal, 810 S.W.2d at 138 (explaining that McCormick "pronounces a supervisory authority mandate," like Mackey, rather than a constitutional mandate). However, this admonition from McClintock is not applicable to the Group A convictions in the present case. See McClintock, 732 S.W.2d at 274 ("This decision is to be applied through the pipeline approach . . . to the litigants at bar, to all actions pending on [April 27, 1987], and to all causes of action arising subsequently.") See Adkins v. State, 911 S.W.2d 334, 348 (Tenn. Crim. App. 1994). We note, however, that the Mackey instruction that prior convictions may be used to enhance punishment in the case under consideration has been viewed as communicating to the defendant "the future use of . . . the case under consideration" as enhancement of future punishment. See State v. Prince, 781 S.W.2d 846, 853 (Tenn. 1989).

subsequent proceeding to enhance the punishment" does not raise a matter of constitutional concern); Prince, 781 S.W.2d 852-53 (advice about the "future use of prior convictions and the future use of the case under consideration . . . is not based upon any constitutional provision"); Bryan, 848 S.W.2d at 75 (advice about minimum and maximum punishments not constitutionally based). As such, these complaints are not justiciable in a post-conviction proceeding. See Tenn. Code Ann. § 40-30-105 (1990) (repealed 1995); Wills v. State, 859 S.W.2d 308, 311 (Tenn. 1993); McClintock, 732 S.W.2d at 271; Bryan, 848 S.W.2d at 75.

The trial court did not err in denying the petitioner's challenges to the Group A convictions.

2. The Challenges to the Group B Convictions.

The petitioner argues that the Group B convictions should be overturned because the guilty pleas upon which these convictions were based were the result of the ineffective assistance of counsel. The petitioner alleges that the Group A convictions were invalid because of the Mackey deficiencies discussed in the preceding section and that, had trial counsel properly and successfully attacked these predicate convictions for the habitual criminal charges in the Group B cases, the threat of habitual criminal life sentences would have been removed. The petitioner claims that, faced with the threat of the habitual criminal charges, he was pressured unnecessarily to plead guilty.

The proof at the evidentiary hearing showed that trial counsel filed and argued a pretrial motion to dismiss the habitual criminal charges. The trial court denied the motion. The petitioner argues that trial counsel was remiss in failing to obtain transcripts of the Group A plea submission hearings and in failing to present evidence at the hearing on the motion to dismiss. Although the record does not contain the transcript of the plea hearing nor the trial judge's findings, trial counsel

6

testified without contradiction at the post-conviction hearing that the trial judge denied the motion because the Group A convictions could not be collaterally attacked in the Group B proceedings. In this vein, the petitioner argues that trial counsel should have filed a post-conviction proceeding in order to attack the Group A convictions.

When an appeal challenges the effective assistance of counsel, the appellant has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of criminal attorneys. Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994). When it is alleged that the ineffective assistance of counsel resulted in a guilty plea, the burden is upon the defendant to establish the prejudice prong of Strickland by proving that "there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 106 S. Ct. 366, 370 (1985). On review, there is a strong presumption of satisfactory representation. Barr v. State, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

The trial court found that trial counsel took the appropriate steps to represent the defendant, and the evidence of record does not preponderate against that finding.

At the time of the Group B proceeding in 1988, McClintock had established that a defendant who is attacking "a prior, facially valid conviction that is or may be used to enhance punishment" must pursue "authorized routes of

attack," and in a guilty-plea case where proper steps are not taken to raise the question on direct appeal, a post-conviction proceeding is the only authorized route of attack. McClintock, 732 S.W.2d at 268, 271-72. In a new criminal case in which the enhancement of punishment is at stake, the defendant may not collaterally attack the earlier, predicate convictions. Id. at 272; see also State v. Prince, 781 S.W.2d 846, 852 (Tenn. 1989).

Accordingly, the trial judge correctly ruled that the collateral attack mounted in the Group B proceedings was inappropriate. Any failure to present evidence or further argument in the Group B motion was not ineffective representation.

Neither was counsel's representation ineffective because he failed to file a post-conviction proceeding as McClintock contemplated. As pointed out in the preceding section of this opinion, only constitutional claims are cognizable in post-conviction proceedings. See Prince, 781 S.W.2d at 852; McClintock, 732 S.W.2d at 271; Bentley, 938 S.W.2d at 711. The petitioner's challenges to the Group A guilty pleas do not rise to the level of the Boykin constitutional claims. See Prince, 781 S.W.2d at 852-53 (advice about the "future use of prior convictions . . . is not based upon any constitutional provision"); Bryan, 848 S.W.2d at 75 (advice about minimum and maximum punishments not constitutionally based). Any Mackey-McClintock omissions "not required in Boykin may be relied upon on direct appeal in appropriate cases but such omissions have no validity on the first or any subsequent post-conviction proceedings." Prince, 781 S.W.2d at 853. Any post-conviction proceeding filed in 1988 using the grounds now claimed to invalidate the Group A convictions would have been inapposite.

The judgment of the trial court is affirmed.

8

_____
JAMES CURWOOD WITT, JUDGE

CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JERRY L. SMITH, JUDGE